JOSEPH CHEZICK v. MINNEAPOLIS & NORTHERN ELEVATOR COMPANY.[1]

November 24, 1896.

Nos. 10,393—(111).

**Trial—Submission to Court—Stipulation.**

 At the close of the evidence offered by plaintiff, each party moved that the jury be instructed to return a verdict in his favor. Without waiting for a decision of the motions, the following proceedings and agreement took place: "The jury are excused from the case, and it is agreed that it be submitted to the court for determination." *Held*, this was not a submission of the motions, but of the case, to the court, instead of the jury, for trial on the merits.

**Findings Sustained.**

 Evidence *held* to sustain the findings and order for judgment.

Appeal by plaintiff from an order of the district court for Wilkin county, C. L. Brown, J., denying a motion for a new trial. Affirmed.

*Lyman B. Everdell*, for appellant.

*Mason & Hilton*, for respondent.

CANTY, J. This action is brought for the conversion of wheat. At the close of the trial before a jury, each party moved that a verdict be directed in his favor. Neither motion was decided, but the settled case states that the following proceedings then took place: "The jury are excused from the case, and it is agreed that it be submitted to the court for determination." Thereupon the judge made findings of fact and conclusions of law, and ordered judgment for defendant. From an order denying a new trial, plaintiff appeals.

[1] Reported in 68 N. W. 1093.

1. We cannot hold, as contended by appellant, that the case was, by the stipulation, merely submitted to the court to decide the motions to dismiss; but, on the record, we are of the opinion that the case was submitted to the court, instead of the jury, for trial on the merits.

2. It is further contended by appellant that the evidence required a finding and judgment for plaintiff. We cannot so hold.

The plaintiff claims under a chattel mortgage made by one Schultz on all the crop of wheat to be grown on the northeast quarter of a certain section of land during the year 1894. Defendant offered no evidence on the trial, but all the evidence offered by plaintiff to prove that Schultz ever owned or ever was in possession of the land in question, or ever cultivated it, or ever was in possession of any wheat grown on this land, was so slight, indefinite, and meager, that in our opinion the court was justified in finding, as it did, that the allegations of plaintiff's complaint are not true. We will not attempt to recite this evidence, which was devoted almost wholly to proving what became of the wheat grown on this land, and scarcely an iota of it to proving who raised or owned the wheat.

Order affirmed.